IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERTS ENTERPRISES, LP<br>d/b/a MAYDAY GOLF<br><br>        Plaintiff,<br><br>    v.<br><br>FUN SPORT, INC. d/b/a MIDWAY<br>SPEEDWAY, d/b/a FIRE MOUNTAIN<br>GOLF, and d/b/a FIRE MOUNTAIN<br>RESCUE MINI-GOLF<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 06-490-JJF<br>)<br>)<br>) **DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND COUNTERCLAIM

Defendant Fun Sport, Inc. d/b/a Midway Speedway, d/b/a Fire Mountain Golf, and d/b/a Fire Mountain Rescue Mini-Golf ("Fun Sport") hereby answers the complaint of plaintiff Roberts Enterprises, LP d/b/a Mayday Golf ("Roberts Enterprises") for trademark infringement as follows:

## JURISDICTION

1.      Fun Sport admits that Roberts Enterprises purports to bring this complaint under the Federal Trademark Act of 1946 and Title 15 of the United States Code. Fun Sport further admits that Roberts Enterprises asserts that this Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1116 and 1121, and 28 U.S.C. §§ 1331, 1332, 1338 and 1367. Fun Sport expressly denies any liability thereunder. The remaining allegations of paragraph 1 of the complaint are legal conclusions to which no response is required. To the extent that the remaining allegations are factual, Fun Sport is without knowledge or information sufficient to form a belief as to the truth of such allegations.

## VENUE

2. Fun Sport admits that venue is proper in this district. Fun Sport denies that it has committed any acts of infringement.

3. Fun Sport admits only that it is incorporated in the State of Delaware, and that it operates a miniature golf course within the State of Delaware. To the extent that the allegations of this paragraph allege any wrongdoing on the part of Fun Sport, the allegations are denied. Fun Sport denies that the Plaintiff has any cause of action against Fun Sport, and denies that Plaintiff has established any rights in this District subject to protection as stated in the Complaint. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

## PARTIES

4. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

5. Admitted.

## FACTS

6. Upon information and belief, Fun Sport denies that Roberts Enterprises operates a miniature golf course throughout the United States. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and demand strict proof thereof.

7. Fun Sport denies the allegations in paragraph 7 of the Complaint.

8. It is admitted only that the United States Patent and Trademark Office trademark database identifies the owner of the Trademark Registration No. 2,623,494 (the "'494 Registration"), and that a copy thereof is attached to the complaint as Exhibit A. Fun Sport denies the balance of the allegations in paragraph 8 of the Complaint.

9.  Fun Sport denies the allegations in paragraph 9 of the Complaint.

10. Fun Sport admits that documents purporting to be affidavits of numerous individuals are attached to the complaint as Exhibit B. Fun Sport denies the balance of the allegations in paragraph 10 of the Complaint.

11. Fun Sport denies that Roberts Enterprises has used any protectable mark or trade dress in interstate commerce. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations of this paragraph.

12. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding an award by *Newsweek* magazine. Fun Sport has no knowledge of the basis for any award by *Newsweek*, and denies the balance of the allegations of in paragraph 12 of the Complaint and demands strict proof thereof.

13. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

14. Upon information and belief, Fun Sport does not control the quality of services provided by its alleged licencees. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations of this paragraph.

15. Admitted.

16. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

17. It is admitted only that Fun Sport operates a miniature golf course within the State of Delaware, that it markets and promotes its golf course services within the

State of Delaware, that it operates a website at www.rehobothtoday.com/midway, and that an airplane is part of the golf course. It is further admitted that Fun Sport began using an airplane suspended above its miniature golf course in or about May 2002. To the extent that the allegations of this paragraph purport to allege wrongdoing on the part of Fun Sport, they are specifically denied. Fun Sport is without sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph.

18. Fun Sport denies the allegations of paragraph 18 of the complaint.

19. It is admitted only that on or about November 1, 2004, Fun Sport received a letter from John B. Hardway, III, Esquire, dated October 22, 2004, representing that Roberts Enterprises was the owner of the '494 Registration. It is further admitted that the theme of the miniature golf course that Fun Sport owns and operates in Rehoboth, Delaware incorporates an airplane as part of its theme. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

20. It is admitted only that Roberts Enterprises does not control the method or manner in which Fun Sport operates it business. To the extent that the allegations of this paragraph allege wrongdoing or infringement on the part of Fun Sport, they are denied. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

21. Fun Sport denies the allegations in paragraph 21 of the Complaint.

22. Fun Sport denies the allegations in paragraph 22 of the Complaint.

## PLAINTIFF'S DAMAGES

23.  Fun Sport restates and incorporates by reference its responses to the allegations set forth by paragraphs 1 – 22 above.

24.  Fun Sport denies the allegations in paragraph 24 of the Complaint.

25.  Fun Sport denies the allegations in paragraph 25 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Federal Trade Dress & Service Mark Infringement – 15 U.S.C. § 1114(1)(a))

26.  Fun Sport restates and incorporates by reference its responses to the allegations set forth by paragraphs 1 – 25 above.

27.  It is admitted only that the United States Patent and Trademark Office trademark database identifies the owner of the '494 Registration as Roberts Enterprises, LP, and that Fun Sport's miniature golf course located in Rehoboth, Delaware incorporates an airplane as part of the theme of that course. The balance of the allegation in paragraph 27 of the Complaint are denied.

28.  It is admitted only that the theme of Fun Sport's miniature golf course, which incorporates an airplane, is used in advertising and marketing the services of that course to the public. To the extent that the allegations of this paragraph allege wrongdoing on the part of Fun Sport, they are denied. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

29.  Fun Sport denies the allegations in paragraph 29 of the Complaint.

30.  Fun Sport denies the allegations in paragraph 30 of the Complaint.

31.  Fun Sport denies the allegations in paragraph 31 of the Complaint.

32.  Fun Sport denies the allegations in paragraph 32 of the Complaint.

33.     It is admitted only that Fun Sport intends to continue operation of its miniature golf course. The remaining allegations of this paragraph are denied.

34.     Fun Sport denies the allegations in paragraph 34 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Federal False designation of Origin or Source – 15 U.S.C. § 1125(a))

35.     Fun Sport restates and incorporates by reference its responses to the allegations set forth by paragraphs 1 – 34 above.

36.     Fun Sport denies the allegations in paragraph 36 of the Complaint.

37.     It is admitted only that the United States Patent and Trademark Office trademark database identifies the owner of the '494 Registration as Roberts Enterprises, LP., and that Roberts Enterprises displays a non-functioning airplane above its miniature golf course. Fun Sport denies the remaining allegations of this paragraph.

38.     Fun Sport denies the allegations in paragraph 38 of the Complaint.

39.     It is admitted only that the theme of Fun Sport's miniature golf course, which incorporates an airplane, is used in advertising and marketing the services of that course to the public. Fun Sport denies the balance of the allegations in this paragraph.

40.     Fun Sport denies the allegations in paragraph 40 of the Complaint.

41.     It is admitted only that on or about November 1, 2004, Fun Sport received a letter from John B. Hardway, III, Esquire, dated October 22, 2004, representing that Roberts Enterprises was the owner of the '494 Registration. It is further admitted that Fun Sport continued to operated its miniature golf courses after the receipt of said letter. The remaining allegations of this paragraph are denied.

42.     It is admitted only that Fun Sport intends to continue operation of its miniature golf course. The remaining allegations of this paragraph are denied.

43. Fun Sport denies the allegations in paragraph 43 of the Complaint.

### THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

44. Fun Sport restates and incorporates by reference its responses to the allegations set forth by paragraphs 1 – 43 above.

45. Fun Sport denies the allegations in paragraph 45 of the Complaint.

46. Fun Sport denies the allegations in paragraph 46 of the Complaint.

47. It is admitted only that Fun Sport intends to continue operation of its miniature golf course. The remaining allegations of this paragraph are denied.

48. Fun Sport denies the allegations in paragraph 48 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### (Federal Trademark Dilution – 15 U.S.C. § 1125(a))

49. Fun Sport restates and incorporates by reference its responses to the allegations set forth by paragraphs 1 – 48 above.

50. Fun Sport denies the allegations in paragraph 50 of the Complaint.

51. Fun Sport denies the allegations in paragraph 51 of the Complaint.

52. Fun Sport denies the allegations in paragraph 52 of the Complaint.

53. It is admitted only that the United States Patent and Trademark Office trademark database identifies the owner of the '494 Registration as Roberts Enterprises, LP. Fun Sport denies the remaining allegations of this paragraph.

54. It is admitted only that Fun Sport intends to continue operation of its miniature golf course. The remaining allegations of this paragraph are denied.

55. Fun Sport denies the allegations in paragraph 55 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trade Dress and Service Mark Infringement)

56. Fun Sport restates and incorporates by reference its responses to the allegations set forth by paragraphs 1 – 55 above.

57. Fun Sport denies that Roberts Enterprises has any claim against Fun Sport, under federal or state law. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations of this paragraph.

58. Fun Sport denies the allegations in paragraph 58 of the Complaint.

59. Fun Sport denies the allegations in paragraph 59 of the Complaint.

60. Fun Sport denies the allegations in paragraph 60 of the Complaint.

61. Fun Sport denies the allegations in paragraph 61 of the Complaint.

## SIXTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

62. Fun Sport restates and incorporates by reference its responses to the allegations set forth by paragraphs 1 – 61.

63. Fun Sport denies that Roberts Enterprises has any claim against Fun Sport, under federal or state law. Fun Sport. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations of this paragraph.

64. Fun Sport denies the allegations in paragraph 64 of the Complaint.

65. It is admitted only that the theme of Fun Sport's miniature golf course, which incorporates an airplane, is used in advertising and marketing the services of that course to the public. The remaining allegations of this paragraph are denied.

66. Fun Sport denies the allegations in paragraph 66 of the Complaint.

67. Fun Sport denies the allegations in paragraph 67 of the Complaint.

68. Fun Sport denies the allegations in paragraph 68 of the Complaint.

### SEVENTH CLAIM FOR RELIEF
(State Deceptive Trade Practices – 6 Del. C. § 2531 et seq.)

69. Fun Sport restates and incorporates by reference its responses to the allegations set forth by paragraphs 1 – 68.

70. Fun Sport denies that Roberts Enterprises has any claim against Fun Sport, under federal or state law. Fun Sport is without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations of this paragraph.

71. Fun Sport denies the allegations in paragraph 71 of the Complaint.

72. Fun Sport denies the allegations in paragraph 72 of the Complaint.

73. Fun Sport denies the allegations in paragraph 73 of the Complaint.

### DEFENSES

As and for its defenses, Fun Sport alleges as follows:

### First Defense

74. Roberts Enterprises' complaint fails to state a claim on which relief can be granted.

### Second Defense

75. Fun Sport does not infringe and has not infringed the '494 Registration.

### Third Defense

76. Fun Sport has not willfully infringed the '494 Registration.

### Fourth Defense

77. On information and belief, the '494 Registration is invalid because it is functional.

### Fifth Defense

78. On information and belief, the '494 Registration is invalid because it is not distinctive, does not identify the source of services, and has no secondary meaning.

### Sixth Defense

79. Roberts Enterprises is barred from asserting its claim for relief under the doctrine of laches.

### Eighth Defense

80. Plaintiff's trademark dilution claim fails on the ground that the mark that is the subject of this litigation is not famous within the meaning of the Federal Trademark Dilution Act.

### Ninth Defense

81. Plaintiff's trademark dilution claim fails on the ground that plaintiff cannot establish actual dilution of the mark.

### COUNTERCLAIM AGAINST PLAINTIFF
### (Cancellation of the '494 Registration)

Fun Sport, for its Counterclaim against Plaintiff alleges as follows:

82. Fun Sport incorporates by reference the averments contained in Paragraphs 1-81, as though fully set forth herein.

83. Fun Sport, Inc.'s counterclaim arises under the Federal Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction over Fun Sport's Counterclaim pursuant to 15 U.S.C. § 1119.

84. Through its complaint, Plaintiff Roberts Enterprises asserts that the '494 Registration gives it sole and exclusive rights to the use of an airplane or airplanes of any description suspended above a miniature golf course.

85.     On information and belief, Roberts Enterprises was not the first miniature golf course owner or operator to incorporate an airplane or airplanes into the motif and theme of a miniature golf course. Moreover, airplanes were and are used in the design of miniature golf courses across the United States both before and after John T. Roberts, predecessor to Roberts Enterprises, applied to register an airplane suspended above a golf course as a service mark. Neither John T. Roberts nor Roberts Enterprises, therefore, had exclusive use of the alleged service mark that is the subject of this litigation at the time Mr. Roberts submitted his registration application.

86.     On information and belief, John T. Roberts applied to register the use of an airplane on a miniature golf course on November 28, 2000.

87.     On our about April 12, 2001, the United States Patent and Trademark Office ("USPTO") attorney assigned to examine Mr. Roberts' service mark registration application issued a non-final office action, in which the examining attorney rejected Mr. Roberts' registration application on the ground that the suspension of an airplane above a miniature golf course was not distinctive as the source of Mr. Roberts' golf course services.

88.     The statutory period for an applicant to respond to an office action from the examining attorney is six months. The examining attorney has no discretion to shorten or expand this period.

89.     On or about October 9 and 10, 2001, three days before expiration of the statutory six-month response period, Mr. Roberts solicited, or caused to be solicited, patrons, of his miniature golf course in Myrtle Beach, South Carolina, identified as "Mayday," to sign pre-drafted form affidavits in which the patrons attested that they "f[ound] the big airplane at the Mayday course to be distinctive ....," or that they "often refer to the Mayday golf course as the one with the big airplane." All of these affidavits were executed on October 9 or 10, 2001. None of the affidavits identifies the affiant by anything more that their name, and contain no information through which the affiants

may be further identified or contacted, or whether they live in the Myrtle Beach area determined. None of the affidavits explains the basis for the affiant's assertion that the use of an airplane is distinctive of Mr. Roberts' miniature golf course services in general or the Mayday miniature golf course in particular.

90. On or about October 9 and 10, 2001, Mr. Roberts also solicited or caused to be solicited, Mayday employees, contractors and suppliers of his Mayday miniature golf course in Myrtle Beach, South Carolina to sign affidavits and letters attesting that they use the airplane above the golf course as a landmark to locate the golf course or direct customers and suppliers to the course.

91. Mr. Roberts subsequently submitted these affidavits and letters to the USPTO as evidence that miniature golf course patrons associated the presence of an airplane above a miniature golf course specifically with his golf course.

92. The USPTO improperly accepted these affidavits as evidence that the public associated a generic airplane above a miniature golf course with Mr. Roberts' miniature golf course services, and that the airplane had thus acquired a secondary meaning.

93. The USPTO issued the '494 Registration on September 24, 2002, and in December of 2003, Mr. Roberts assigned his rights in the mark to Roberts Enterprises LP.

94. The USPTO erred when it accepted form affidavits, executed on two consecutive days under unknown circumstances, as evidence that the public sufficiently associates a generic airplane above a golf course with Mr. John T. Roberts' miniature golf course services to justify granting Mr. Roberts' registration application. The small number of affidavits submitted, which cannot be verified, are insufficient to establish that the public associates the presence of an airplane above a miniature golf course with Mr. Roberts' services, as opposed to simply a landmark used to find one golf course in Myrtle Beach, South Carolina.

95.     The mark that is the subject of '494 Registration has not been in continuous use for more than five years after the USPTO granted the Registration on September 24, 2002. The mark has not, therefore, acquired incontestable status as defined by 15 U.S.C. § 1065. The '494 Registration may, therefore, be cancelled for any of the reasons identified in 15 U.S.C. § 1064(3).

96.     Defendant Fun Sport has been injured, and believes that it will continue to be injured, by the registration of the '494 Registration on the principal register of the USPTO. Defendant Fun Sport has been injured to the extent that it is the defendant in the instant litigation, and will be required to expend substantial sums of money and the time and resources of its employees and staff to defend an action which would not have occurred but for the improper granting of the '494 Registration. Fun Sport will also be injured to the extent that it may be required to pay substantial sums to Plaintiff Roberts Enterprises to license the use of a generic airplane over Fun Sport's miniature golf course, or be required to redesign and reconstruct its course if the '494 Registration is permitted to stand.

97.     The '494 Registration should be cancelled because a generic airplane suspended above a miniature golf course is not distinctive as the source of Roberts Enterprises miniature golf course services. Permitting Roberts Enterprises to monopolize the use of generic airplanes on miniature golf courses would deprive Fun Sport and other miniature golf course service providers from using a generic item, namely an airplane, in the design of their courses, potentially depriving the public of new and unique miniature golf course designs incorporating an airplane even though no confusion as to the source of the services exists.

## RELIEF REQUESTED

**WHEREFORE**, Fun Sport prays for relief as follows:

      A.      That United States Trademark Registration No. 2,623,494 be declared not infringed, invalid, and unenforceable;

      B.      That the complaint be dismissed with prejudice;

      C.      That trademark registration number 2,623,494 be cancelled with prejudice as improvidently granted;

      D.      That Fun Sport recover from Plaintiff its costs of this action and reasonable attorney's fees; and

      E.      That Fun Sport be awarded such other relief as the Court shall deem just and reasonable.

## JURY DEMAND

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Fun Sport hereby requests trial by jury on all issues triable by a jury.

POTTER ANDERSON & CORROON LLP

By:   */s/ William R. Denny*
     Richard L. Horwitz (#2246)
     William R. Denny (#2580)
     James M. Kron (#3898)
     Hercules Plaza, 6th Floor
     1313 North Market Street
     P.O. Box 951
     Wilmington, Delaware 19889-0951
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     wdenny@potteranderson.com
     jkron@potteranderson.com

*Attorneys for Defendant Fun Sport, Inc.*

September 20, 2006
750051v4 - 29926

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, James M. Kron, hereby certify that on September 20, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Rex A. Donnelly, IV
Ratner & Prestia
1007 Orange Street, Suite 1100
P.O. Box 1596
Wilmington, DE 19899-1596
radonnelly@ratnerprestia.com

I hereby certify that on September 20, 2006, I have sent by Electronically Mailed the foregoing document to the following:

John B. Hardaway III
Amy E. Allen
Nexsen Pruet Adams Kleemeier, LLC
201 W. McBee Avenue, Suite 400 (29601)
Post Office Drawer 10648
Greenville, SC  29603-0648
jhardaway@nexsenpruet.com

/s/ James M. Kron
Richard L. Horwitz (#2246)
William R. Denny (#2580)
James M. Kron (#3898)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
wdenny@potteranderson.com
jkron@potteranderson.com

751485 / 29926