IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Roberts Enterprises, LP, d/b/a Mayday Golf<br><br>Plaintiff,<br><br>vs.<br><br>Fun Sport, Inc., d/b/a Midway Speedway, d/b/a Fire Mountain Golf, and d/b/a Fire Mountain Rescue Mini-Golf<br><br>Defendant. | Case No. 06-490-JJF<br><br>**ANSWER TO COUNTERCLAIM**<br><br>**(Jury Trial Demanded)** |

The Plaintiff and counterclaim defendant Roberts Enterprises, LP, d/b/a Mayday Golf, (hereinafter "Roberts Enterprises") hereby answers the Counterclaim of Defendant and counterclaim plaintiff Fun Sport, Inc. d/b/a Midway Speedway, d/b/a Fire Mountain Golf, and d/b/a Fire Mountain Rescue Mini-Golf (hereinafter "Fun Sport") as follows:

1. Each and every allegation of Fun Sport's Counterclaim not specifically admitted herein is denied.

2. No response is required to Paragraph 82 of Fun Sport's Answer and Counterclaim.

3. Roberts Enterprises admits the allegations of Paragraph 83 of Fun Sport's Answer and Counterclaim.

4. In regards to paragraph 84 of Fun Sport's Answer and Counterclaim, Roberts Enterprises admits that it asserts through its Complaint, that Roberts Enterprises has any and all rights provided by the '494 Registration and as permitted under the Lanham Act and any other applicable United States laws. Any allegations inconsistent with this are otherwise denied.

5. In regards to paragraph 85 of Fun Sport's Answer and Counterclaim, Roberts Enterprises admits that airplanes are used in the design of miniature golf courses in the United States since after John T. Roberts applied to register an airplane suspended above a miniature golf course as a Service Mark, including Defendant's infringing miniature golf course. Roberts Enterprises further admits that John T. Roberts is a predecessor to Roberts Enterprises and applied to register an airplane suspended above a miniature golf course as a Service Mark and did in fact receive a Registered Service Mark. Roberts Enterprises also admits that its Service Mark is the subject of this litigation. Roberts Enterprises denies that John T. Roberts or Roberts Enterprises did not have exclusive use of its Service Mark at the time Mr. Roberts submitted his registration application. Roberts Enterprises is without sufficient information to form a belief regarding the remaining allegations of paragraph 85 and therefore denies same.

6. Roberts Enterprises admits the allegations of Paragraph 86 of Fun Sport's Answer and Counterclaim.

7. In regards to paragraph 87 of Fun Sport's Answer and Counterclaim, Roberts Enterprises refers to the Trademark Application and Prosecution History of the '494 Registration and denies any and all allegations in paragraph 87 inconsistent therewith.

8. In regards to paragraph 88 of Fun Sport's Answer and Counterclaim, Roberts Enterprises refers to 15 U.S.C. § 1062(b) and denies any and all allegations in paragraph 88 inconsistent therewith. Roberts Enterprises denies the allegations in paragraph 88 to the extent Fun Sport is asserting that Roberts Enterprises did not respond to the office action within the allowable statutory period for an applicant to respond.

9. In regards to paragraph 89 of Fun Sport's Answer and Counterclaim, Roberts Enterprises admits that on or about October 9 and 10, 2001, Mr. Roberts asked patrons of his

miniature golf course in Myrtle Beach, South Carolina to voluntarily sign affidavits wherein the patrons attested that they "f[ound] the big airplane at the Mayday course to be distinctive . . . .," or that they "often refer to the Mayday golf course as the one with the big airplane." Roberts Enterprises admits that October 9 and 10, 2001 was on or about three days before the expiration of the statutory six-month response period and that all of these affidavits were executed on October 9 or 10, 2001. Roberts Enterprises further admits that Mr. Roberts' miniature golf course in Myrtle Beach, South Carolina is also identified as "Mayday" and that portions of some of the affidavits were pre-drafted. Roberts Enterprises denies the remaining allegations in paragraph 89 of Fun Sport's Answer and Counterclaim.

10. In regards to paragraph 90 of Fun Sport's Answer and Counterclaim, Roberts Enterprises admits that on or about October 9 and 10, 2001, Mr. Roberts asked Mayday employees and contractors of his Mayday miniature golf course in Myrtle Beach, South Carolina to sign and/or draft affidavits and letters attesting that they "refer to and direct people to the Mayday miniature golf course as being the one with the big airplane," but denies the remaining allegations in paragraph 90.

11. Roberts Enterprises admits the allegations of Paragraph 91 of Fun Sport's Answer and Counterclaim.

12. In regards to paragraph 92 of Fun Sport's Answer and Counterclaim, Roberts Enterprises admits that the USPTO accepted the affidavits and withdrew the prior rejections and denies any and all allegations in paragraph 92 inconsistent therewith. Roberts Enterprises denies that the USPTO's acceptance was improper and denies that the Roberts Enterprises' Service Mark is generic.

13.     Roberts Enterprises admits the allegations of Paragraph 93 of Fun Sport's Answer and Counterclaim.

14.     In regards to paragraph 94 of Fun Sport's Answer and Counterclaim, Roberts Enterprises admits that the affidavits were executed on two consecutive days but denies the remaining allegations in paragraph 94.

15.     In regards to paragraph 95 of Fun Sport's Answer and Counterclaim, Roberts Enterprises admits that the Mark that is the subject of the '494 Registration has not been in continuous use for more than five years after the USPTO granted the Registration on September 24, 2002 and therefore has not acquired incontestable status as defined by 15 U.S.C. § 1065. Roberts Enterprises denies the allegation to the extent it alleges that Roberts Enterprises cannot acquire incontestable status as defined by 15 U.S.C. § 1065 once the Mark has been in continuous use for more than five years after the USPTO granted the Registration on September 24, 2002. Roberts Enterprises denies that its Mark may be cancelled for any of the reasons identified in 15 U.S.C. § 1064(3) because none of the reasons for cancellation identified in 15 U.S.C. § 1064(3) have occurred with respect to Roberts Enterprises' Service Mark.

16.     In regards to paragraph 96 of Fun Sport's Answer and Counterclaim, Roberts Enterprises admits that Fun Sport is the Defendant in the instant litigation but denies the remaining allegations in paragraph 96.

17.     Roberts Enterprises denies the allegations in paragraph 97 of Fun Sport's Answer and Counterclaim.

## DEFENSES TO COUNTERCLAIM

### First Defense

18. Fun Sport's Counterclaim fails to state a claim upon which relief can be granted and is subject to dismissal in accordance with Federal Rule of Civil Procedure 12(b)(6).

### Second Defense

19. Fun Sport's Counterclaim is barred by the equitable doctrine of unclean hands.

### Third Defense

20. The '494 Registration for Roberts Enterprises' Service Mark is valid and was properly issued.

WHEREFORE, Roberts Enterprises respectfully requests that the Counterclaim be dismissed with prejudice, and that judgment be entered in its favor against Defendant for the costs of this action, reasonably attorney's fees, and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Of Counsel:

John B. Hardaway III (Federal ID # 1710)
Amy E. Allen (Federal ID #9722)
Nexsen Pruet Adams Kleemeier, LLC
201 W. McBee Avenue, Suite 400 (29601)
Post Office Drawer 10648
Greenville, South Carolina 29603-0648
PHONE: 864.370.2211
FACSIMILE: 864.282.1177
jhardaway@nexsenpruet.com

October 10, 2006
Wilmington, Delaware

/s/ Rex A. Donnelly, IV
Rex A. Donnelly, IV
(Delaware ID # 3492)
RatnerPrestia
1007 Orange Street, Suite 1100
Post Office Box 1596
Wilmington, Delaware 19899
PHONE: 302.778.2500
FACSIMILE: 302.778.2600
radonnelly@ratnerprestia.com

Attorneys for Plaintiff
Roberts Enterprises, LP

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2006, I electronically filed Plaintiff's Answer to Counter Claim to the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

> Richard L. Horwitz
> Potter Anderson & Corroon LLP
> Hercules Plaza
> P.O. Box 951
> Wilmington, DE 19899
> ***Counsel for Defendant***

> /s/Rex A. Donnelly (DE ID #3492)
> RatnerPrestia
> Nemours Building, Suite 1100
> 1007 Orange Street
> Wilmington, DE 19801
> (302) 778-2500
> radonnelly@ratnerprestia.com