IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERTS ENTERPRISES, LP<br>d/b/a MAYDAY GOLF<br><br>    Plaintiff,<br><br>        v.<br><br>FUN SPORT, INC. d/b/a MIDWAY<br>SPEEDWAY, d/b/a FIRE MOUNTAIN<br>GOLF, and d/b/a FIRE MOUNTAIN<br>RESCUE MINI-GOLF<br><br>    Defendant. | C. A. No. 06-490-JJF<br><br>TRIAL BY JURY DEMANDED |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rule of Civil Procedure 26(c), by and between counsel for the parties, that this Confidentiality Stipulation and Protective Order shall govern the handling of any information produced or disclosed by any party or non-party ("the Producing Party") in this Action including documents, tangible things, depositions, deposition exhibits, interrogatory responses, responses to document requests, responses to requests for admission, and pretrial and trial testimony (such information shall hereinafter be referred to as "Confidential Material").

1.  All Confidential Material, regardless of whether stored in electronic or paper form, which contain or comprise a trade secret or other confidential technical, development or commercial information produced or filed with the Court or produced or served either by a party or by a non-party to or for any of the parties shall be governed by this Protective Order. The provisions of this Protective Order shall not apply to information which (a) is available or becomes available to the public through no fault of either party; (b) is available to

either party at the time of the disclosure, as evidenced by prior written records; (c) is disclosed to either party by a third party entitled to make such disclosure; or (d) is developed by or for either party independently of the disclosure pursuant to this Protective Order, as evidenced by written records.

  2. Any Confidential Material filed with the Court or produced or provided by any party or non-party as part of discovery in this action may be designated by such party or non-party as "Confidential Information." As a general guideline, Confidential Material designated "Confidential Information" shall be those things of a proprietary business or technical nature which might be of value to a party in this action as a potential competitor of the party or non-party holding the proprietary rights thereto and which must be protected from disclosure to such party and/or third parties. Absent a specific order by this Court, such information, once designated as "Confidential Information," shall be used by the persons or entities to whom such information is disclosed solely for purposes of this action, and not for any business, patent or trademark prosecution, competitive or governmental purpose or function, and such information shall not be disclosed to anyone except as provided in this Protective Order.

  3. Confidential Material designated "Confidential Information" pursuant to this Protective Order, or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to or communicated in any way only to the following persons:

    (a) outside attorneys for the parties in this action, and persons working solely in secretarial, clerical and paralegal capacities and who are assisting those attorneys in this action;

(b)	qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof;

(c)	consultants or technical experts and their staffs;

(d)	the Court and the Court's staff;

(e)	a total of 2 (two) persons selected from among the employees, members of the Board or officers of each party;

(f)	litigation consultants and persons who are assisting those consultants in this action; and

(g)	any person to whom the Producing Party agrees in writing. No disclosure of any Confidential Material designated Confidential Information may be made to such person until written agreement is provided by the Producing Party.

The persons identified in subsections (c), (e), (f) and (g) of this Paragraph shall not be permitted access to materials or information designated "Confidential Information" unless and until they sign a written acknowledgment (in the form of the agreement attached to this Order as Exhibit A) that they have read this Protective Order and agree to be bound by its terms. Outside counsel of record shall retain copies of all executed acknowledgments.

4.	Certain Confidential Material may be designated by a party or non-party as "Highly Confidential Information." Documents, testimony, information and other things designated "Highly Confidential Information" may be disclosed only to the persons identified in subsections (a) through (d), (f) and (g) of Paragraph 3 of this Protective Order. However, the persons identified in subsections (c), (f) and (g) of Paragraph 3 shall not be permitted access to materials or information designated "Highly Confidential Information" unless and until they sign a written acknowledgment (in the form of the agreement attached to this Order as Exhibit A) that

3

they have read this Protective Order and agree to be bound by its terms. This "Highly Confidential Information" designation shall be limited to such Confidential Material that the designating party believes, in good faith, contain information, the disclosure of which is likely to cause significant harm to the competitive position of the designating party. All Confidential Material designated "Highly Confidential Information" are included within the meaning of "Confidential Information" as used in this Protective Order and all the provisions set forth in this Protective Order that apply to "Confidential Information" also apply to materials designated "Highly Confidential Information."

     5.    Any Producing Party wishing to invoke the provisions of this Protective Order shall designate the Confidential Material, or portions thereof, which he, she or it considers confidential at the time such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected. With respect to documents, the items produced must be marked or stamped "Confidential Information" or "Highly Confidential Information" on all pages by the Producing Party. Items may also be marked with the term "Confidential" to designate the Confidential Materials as "Confidential Information" and the term "Confidential Attorney Eyes Only" to designate the Confidential Material as "Highly Confidential Information." In the case of information stored on electronic media, the items produced shall be clearly marked or stamped on the media if possible. With respect to deposition testimony, the witness under deposition or his or her counsel, and/or any counsel representing any party or non-party at the deposition, shall invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed confidential. The

provisions of this Paragraph may be invoked by counsel for a witness with respect to the witness's entire deposition, or any portion thereof, at any time during the deposition.

6. Any Confidential Material that has been designated "Confidential Information" or "Highly Confidential Information" that are included with, or the contents are in any way disclosed in, any pleading, motion, deposition transcript, or other papers filed with the Clerk of the Court shall be filed in sealed envelopes prominently marked with the notation:

**CONFIDENTIAL INFORMATION
(or HIGHLY CONFIDENTIAL INFORMATION)
SUBJECT TO PROTECTIVE ORDER
Case No. 06-496-JJF**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS
DISPLAYED, COPIED OR REVEALED EXCEPT BY COURT ORDER
OR BY AGREEMENT OF THE PARTIES**

7. Where a discovery request, subpoena or deposition question calls for otherwise discoverable information that is held by the party to whom it is directed under obligations of confidentiality owed to another, the party to whom the discovery request, subpoena or deposition question is directed shall promptly, and in all events within ten (10) days of receipt of the discovery request calling for such disclosure:

    (a) identify to the party seeking the information the name and address of each person whose confidentiality interests are implicated by the discovery request, subpoena or deposition question, and

    (b) provide to each such person whose confidentiality interests are implicated:

        (i) notice of its intention to disclose materials or information held under obligations of confidentiality; and

(ii) a copy of this Protective Order.

The party to whom the discovery request, subpoena, or deposition question has been directed shall within thirty (30) days thereafter disclose in compliance with this Protective Order any responsive materials or information held under obligations of confidentiality to such person unless such person obtains or moves within that time for a protective order from this Court, or in the case of third parties not subject to this Court's *in personam* jurisdiction, from a court of competent jurisdiction.

8. All Confidential Material designated under the Protective Order shall be kept in the offices of outside counsel for the parties, and access thereto shall be permitted only to those persons set forth in Paragraphs 3 and 4 of this Protective Order properly having access thereto.

9. If any information designated pursuant to this Protective Order is used during the course of a deposition, the portion of the deposition record reflecting such information shall be sealed and stamped with the appropriate designation, and access thereto shall be limited pursuant to the other terms of this Protective Order.

10. Any individual, such as a deposition witness, trial witness, or potential witness may be shown designated materials by an attorney bound by this Protective Order in the following conditions:

(a) if the individual is identified as a signatory, author, addressee or recipient of a copy;

(b) if the individual is a current officer, director or employee of a party and the document has been designated as confidential by that party;

(c) if the individual is an officer, director of a party or other witness designated by a party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the document has been designated as confidential by that party;

(d) if the individual is a former officer, director or employee of a party and the document has been designated as confidential by that party and if it appears from the face of the document that the individual previously had access to the document while employed by the party; or

(e) if the individual is a testifying expert for a party and has complied with the provisions of paragraphs 3 and 4 hereto.

A party may use its own Confidential Information or Highly Confidential Information to examine or cross-examine any trial or deposition witness. In no circumstances will the use of designated materials during a deposition or trial constitute a waiver of the designated status of the materials.

11. A party or non-party providing documents or information that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall have ten (10) days thereafter in which to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately designated. Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previous unmarked items and all copies thereof.

12. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript pursuant to this Protective Order on the record at the deposition shall have fifteen (15) days following mailing of the transcript by the court reporter in which to correct his or her failure. Such correction shall be made in writing with a captioned notice to the

reporter, with copies to all other counsel, designating the portion(s) of the transcript that contain confidential information, and directing the reporter to mark that portion of the transcript accordingly.

13.   If at any time during the pendency or trial of this action, counsel for any party claims that information is not appropriately designated, objecting counsel may serve a captioned notice of objection on all parties and other affected persons, identifying with particularity the items as to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item. If the designating party does not redesignate the material within five (5) business days after receipt of service, the objecting party may file and serve a motion for an order that the material be redesignated. The original designation shall remain effective until three (3) business days after entry of an order redesignating the materials. The Court may award sanctions on any motion concerning designation if it finds that any party's position with respect to the designation was taken without substantial justification.

14.   Confidential Material designated pursuant to this Protective Order shall be introduced into evidence only under appropriate order excluding members of the public from the courtroom, unless the confidentiality of such information has been removed by agreement of the producing entity or person (by their counsel) or by this Court.

15.   The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

16.   Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any

purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

17. Upon termination of this action, settlement or final judgment including exhaustion of all appeals, the originals and all copies of Confidential Information or Highly Confidential Information shall be either destroyed or turned over to the party or non-party who produced such material, or to their respective counsel, within sixty (60) days of the termination, settlement or final judgment reached in this matter. However, outside counsel for the parties may retain pleadings, attorney and consultant work product, and depositions for archival purposes. If Confidential Information or Highly Confidential Information is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel a certification identifying when and how the destruction was performed.

18. The terms of this Protective Order shall survive the longer of (a) termination of this action, or (b) five (5) years from the date of disclosure of the Confidential Material.

19. This Protective Order is being entered without prejudice to the right of any party or other person to move the Court for modification of or relief from any of its terms.

20. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation, and, in the course thereof, relying upon any Confidential Information or Highly Confidential Information, provided counsel does not disclose Confidential Information or Highly Confidential Information in a manner not specifically authorized under this Protective Order.

IT IS SO ORDERED.

Date: _____, 2007      _____
                                  THE HONORABLE JOSEPH J. FARNAN, JR.


RATNER & PRESTIA

_____
Rex A. Donnelly (ID No. 3492)
1007 Orange Street--Suite 1100
Wilmington, Delaware 19801

NEXSEN PRUET, LLC

_____
John B. Hardaway III (*Pro hac vice*)
Amy E. Allen (*Pro hac vice*)
201 W. McBee Avenue--Suite 400 (29601)
P.O. Drawer 10648
Greenville, South Carolina 29603-0648
jhardaway@nexsenpruet.com
aallen@nexsenpruet.com

*Attorneys for Plaintiff Roberts Enterprises, LP*

POTTER ANDERSON & CORROON LLP

/s/ James M. Kron
_____
Richard L. Horwitz (ID No. 2246)
William R. Denny (ID No. 2580)
James M. Kron (ID No. 3803)
1313 North Market Street—6th Floor
P.O. Box 951
Wilmington, Delaware 19889-0951
rhorwitz&potteranderson.com
wdenny@potteranderson.com
jkron@potteranderson.com

*Attorneys for Defendant Fun Sport, Inc.*

May 11, 2007

[PAC 794854]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERTS ENTERPRISES, LP<br>d/b/a MAYDAY GOLF<br><br>Plaintiff,<br><br>v.<br><br>FUN SPORT, INC. d/b/a MIDWAY<br>SPEEDWAY, d/b/a FIRE MOUNTAIN<br>GOLF, and d/b/a FIRE MOUNTAIN<br>RESCUE MINI-GOLF<br><br>Defendant. | C. A. No. 06-490-JJF<br><br>TRIAL BY JURY DEMANDED |

**CERTIFICATE OF CONSENT TO BE
BOUND BY PROTECTIVE ORDER – (EXHIBIT A)**

The undersigned, _____, hereby acknowledges that he/she has read the Protective Order entered in this action by the United States District Court for the District of Delaware on _____, 2007, and that he/she understands the terms thereof, agrees to be bound by such terms, and agrees to be subject to the jurisdiction of this Court in all matters relating to this Protective Order.

Date:_____

Signature:_____

Name:_____

Address:_____

_____

[PAC 794854]

12