IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERTS ENTERPRISES, LP<br>d/b/a MAYDAY GOLF,<br><br>        Plaintiff,<br><br>v.<br><br>FUN SPORT, INC. d/b/a MIDWAY<br>SPEEDWAY, d/b/a FIRE MOUNTAIN<br>GOLF, and d/b/a FIRE MOUNTAIN<br>RESCUE MINI-GOLF,<br><br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:    C. A. No. 06-490-JJF<br>:<br>:    **TRIAL BY JURY DEMANDED**<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF SUBPOENA *AD TESTIFICANDUM & DUCES TECUM*

**PLEASE TAKE NOTICE** that, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, Defendant Fun Sport, Inc. has served or will serve the attached subpoena and accompanying attachment thereto on BMS Golf, LLC, d/b/a Lost Treasure Golf, 13903 Coastal Highway, Ocean City, Maryland 21842. Please be advised that the examination will be conducted before a person duly authorized and may be recorded by stenographic and videographic means. You are invited to attend and cross-examine.

POTTER ANDERSON & CORROON LLP

By /s/ William R. Denny
Richard L. Horwitz (#2246)
William R. Denny (#2580)
James M. Kron (#3803)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19889-0951
rhorwitz&potteranderson.com
wdenny@potteranderson.com
jkron@potteranderson.com

*Attorneys for Defendant Fun Sport, Inc.*

Dated: July 5, 2007
805537 / 29926

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERTS ENTERPRISES, LP, d/b/a MAYDAY GOLF, <br>     Plaintiff, <br> v. <br> FUN SPORT, INC. d/b/a MIDWAY SPEEDWAY, d/b/a FIRE MOUNTAIN GOLF, and d/b/a FIRE MOUNTAIN RESCUE MINI-GOLF, <br>     Defendant. | **SUBPOENA IN A CIVIL CASE** <br><br> Case Number:[1] 06-490-JJF |

TO:    BMS Golf, LLC
         d/b/a Lost Treasure Golf
         13903 Coastal Hwy
         Ocean City, MD 21842

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, P.O. Box 951, Wilmington, DE 19899-0951 <br><br> The examination will be conducted before a person duly authorized and may be recorded by stenographic and videographic means. | July 17, 2007 at 9:30 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
*See* attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, P.O. Box 951, Wilmington, DE 19899-0951 | July 17, 2007 at 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     *William R. Denny* | DATE <br> 7/5/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER William R. Denny, Esquire (ID No. 2580), Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, P.O. Box 951, Wilmington, DE 19899

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

A088 (Delaware Rev. 7/00) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a Subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) Requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

805549 / 29926

## SCHEDULE A TO SUBPOENA TO BMS GOLF, LLC

### DEFINITIONS

1. In these Requests, "document" and "documents" are used in the broadest sense permitted by Fed. R. Civ. P. 34(a)(1), including written material stored electronically on tape, disk or other media and e-mail. "Document" or "documents" also include all non-identical copies, such as those bearing marginal comments or other marks, postscripts, changes, amendments, addenda, or other notations not present on the original document as initially written, typed, or otherwise prepared. Each such non-identical copy is to be considered and identified as a separate document. To the extent any "communication" as defined below is reduced to a writing or other recordation, it is expressly included in the term "document" or "documents."

2. The term "person" or "persons" includes not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof and his, its, or their directors, officers, employees, and agents.

3. The term "communication" or "communications" shall include any documents and any exchange or transfer of information between two or more persons or between one or more persons and a file, whether written, oral, or in any other form including communications by a meeting, e-mail, correspondence, conversation, conference, or telephone conversation.

4. When a document or thing which "refers" or "relates to" any given matter is requested, the request encompasses any document or thing, as the case may be, that discusses, embodies, contains, reflects, identifies, states, or concerns that matter, or that is in any way pertinent to that matter.

5. The terms "Roberts" and "Plaintiff" all refer to the named Plaintiff Roberts Enterprises, LP, d/b/a Mayday Golf, and include any of its current or former U.S. and foreign parents,

subsidiaries, affiliates, divisions, and companies or corporations owned by Roberts in whole or in part, collectively and individually, and all other persons acting or purporting to act on behalf of Roberts, for example its officers, directors, agents, and attorneys, both present and past, as well as its current employees.

6. The terms "BMS Golf, LLC" and "you" and "your" all refer to BMS Golf, LLC, d/b/a Lost Treasure Golf, and include any of its current or former U.S. and foreign parents, subsidiaries, affiliates, divisions, and companies or corporations owned by BMS Golf, LLC in whole or in part, collectively and individually, and all other persons acting or purporting to act on behalf of BMS Golf, LLC, for example its officers, directors, agents, and attorneys, both present and past, as well as its current employees.

7. "All" means any and all, and "any" likewise means any and all, unless the context requires otherwise.

8. "And" and "or" shall be construed both conjunctively and disjunctively and the singular shall be deemed to also refer to the plural and vice versa.

9. "Entity" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization.

10. "Identify," "identity," or "identification," when used in reference to:

   (1) an individual, means to state, to the extent known, his or her full name, present or last known residential and business addresses, telephone number, present or last known position and/or business affiliation, and present or former relationship with Roberts, if any, and the inclusive dates thereof;

   (2) a firm, partnership, corporation, proprietorship, joint venture, association, governmental body, or other organization, means to state its full name, present or last known address and telephone number, and place of incorporation or formation;

2

 (3) a document, means to state the date, title (if any), each author, each recipient, type of document (i.e., publication, letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian;

 (4) a communication, means to state its date and place, the person(s) who participated in it, were present during any part of it, or have knowledge about it, and the substance of the communication;

 (5) an event, means to provide the date of the event, the location of the event and the names and addresses of the individuals involved in the event; and

11. The "'494 Registration" means the United States Patent and Trademark Office Trademark Registration Number 2,623,494.

12. The "Subject Mark," means the service mark that is the subject of the '494 Registration.

## INSTRUCTIONS

1. If any document responsive to a Request was, but is no longer, in your possession, custody or control, or was known to you but is no longer in existence, state what disposition was made of it or what became of it. No document requested to be identified herein should be destroyed or disposed of by virtue of a record retention program or for any other reason.

2. If any document is withheld on a claim of privilege or work-product protection, please produce a privilege log that states (a) the date the document was prepared or the date it bears, (b) the author of the document, (c) the addressee(s) and recipient(s) of the document, (d) the title and/or subject matter of the document, (e) the source of the document, (f) the identity of all persons to whom the document or any portion thereof has been revealed to date, and (g) the basis for withholding the document.

3. In your response to these Requests, please restate the text of each Request preceding your response thereto.

3

4. These Requests shall be deemed continuing so as to require supplemental answers if you obtains any further information between the time its answers hereto are served and the time of trial.

5. To the extent not specified in each Request for Production, the relevant time period shall be from January 1, 1997 to the present.

## DOCUMENT REQUESTS

**Document Request No. 1.**  Copies of all advertising and promotional materials of BMS Golf, LLC, printed or utilized on or in the web postings, web sites, magazines, newspapers, brochures, pamphlets, catalogs, trade publications, radio and television stations, and any other medium.

**Document Request No. 2.**  All documents that refer or relate to communications between Roberts or any of its agents or representatives and you regarding the Subject Mark.

**Document Request No. 3.**  All documents that refer or relate to the Agreement by and between Roberts and BMS Golf, LLC, dated on or about August 17, 2004.

**Document Request No. 4.**  All documents that refer or relate to the use of an airplane by BMS Golf, LLC at Lost Treasure Golf, 13903 Coastal Hwy, Ocean City, MD.

**Document Request No. 5.**  All correspondence and communications between Roberts or any of its agents or representatives and you.

**Document Request No. 6.**  All documents that refer or relate to Roberts Enterprises' actual enforcement or verification of compliance with the quality control provisions referenced in the Agreement by and between Roberts and BMS Golf, LLC, dated on or about August 17, 2004.

**Document Request No. 7.**  Copies of all guest registers, mailing lists and customer databases that refer or relate to customers and potential customers of each of the miniature golf courses owned or operated by or on behalf of BMS Golf, LLC, from January 1, 1997 to the present.

**Document Request No. 8.**  All documents and things which disclose BMS Golf, LLC's future marketing plans or strategies for its miniature golf course services including, but not limited to, dollar amount expenditures, target markets, channels of trade and demographic studies.

pac:805554 / 29926

4

## SCHEDULE B TO SUBPOENA TO BMS GOLF, LLC

Pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, Defendant Fun Sport, Inc. identifies the following topics for examination:

1. The Documents and Things responsive to the document requests that are attached as part of Exhibit A to this subpoena.

2. The use of an airplane in the advertising or design of the miniature golf course located at Lost Treasure Golf, 13903 Coastal Hwy, Ocean City, MD.

3. All communications with Roberts that refer or relate to the Subject Mark.

4. All communications with Roberts that refer or relate to the Agreement by and between Roberts and BMS Golf, LLC, dated on or about August 17, 2004.

5. All communications with Roberts that refer or relate to Fun Sport, Inc. or the civil action captioned *Roberts Enterprises, LP v. Fun Sport, Inc.*, C.A. No. 06-490-JJF (D. Del.).

pac:805587 / 29926

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, William R. Denny, hereby certify that on July 5, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 5, 2007, I have Electronically Mailed the documents to the following person(s):

Rex A. Donnelly, IV
Ratner & Prestia
1007 Orange Street, Suite 1100
P.O. Box 1596
Wilmington, DE 19899-1596
radonnelly@ratnerprestia.com

John B. Hardaway III
Amy E. Allen
Nexsen Pruet Adams Kleemeier, LLC
201 W. McBee Avenue, Suite 400 (29601)
Post Office Drawer 10648
Greenville, SC  29603-0648
jhardaway@nexsenpruet.com
aallen@nexsenpruet.com

*/s/ William R. Denny*
Richard L. Horwitz (#2246)
William R. Denny (#2580)
James M. Kron (#3898)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
wdenny@potteranderson.com
jkron@potteranderson.com

751485 / 29926