IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Roberts Enterprises, LP, d/b/a Mayday Golf<br><br>Plaintiff,<br><br>v.<br><br>Fun Sport, Inc., d/b/a Midway Speedway, d/b/a Fire Mountain Golf, and d/b/a Fire Mountain Rescue Mini-Golf<br><br>Defendant. | C.A. No. 06-490-JJF<br><br>NOTICE TO TAKE 30(b)(6) DEPOSITION OF DEFENDANT<br><br>Jury Trial Demanded |

TO: ATTORNEYS FOR THE DEFENDANT:

PLEASE TAKE NOTICE that in pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, Roberts Enterprises, LP, by and through its undersigned attorneys, will take the deposition by oral examination of Defendant Fun Sport, Inc. by those persons designated by Fun Sport, Inc. to testify on its behalf on the subject matter categories listed on Schedules A and B.

Fun Sport, Inc. is requested to identify the designated witness for each subject matter categories listed in Schedules A and B to counsel for Roberts Enterprises, LP by no later than five days from the date of this Notice.

The deposition will take place at the offices of RatnerPrestia, Wilmington, DE, commencing on July 20, 2007, or at some other time and place mutually agreed upon by counsel, and continuing from day to day until concluded. The deposition shall take place before a Notary

Public and in accordance with the Federal Rules of Civil Procedure. The deposition shall be transcribed and may be videotaped.

You are invited to attend and cross-examine the witness.

Respectfully submitted,

RATNERPRESTIA

Dated: 7/13/07        By: _____
Rex A. Donnelly (#5492)
1007 Orange Street, Suite 1100
P.O. Box 1596
Wilmington, DE 19899-1596
radonnelly@ratnerprestia.com

Attorney for Plaintiff

## SCHEDULE A
### 30(b)(6) RE: FUN SPORT'S PROFITS AND COSTS OF ITS MINIATURE GOLF FACILITY AND MINIATURE GOLF COURSE SERVICES

### DEFINITIONS

1. "Defendant," "you," and "your" all refer to Defendant FUN SPORT, INC. d/b/a MIDWAY SPEEDWAY, d/b/a FIRE MOUNTAIN GOLF, and d/b/a FIRE MOUNTAIN RESCUE MINI-GOLF, including all its directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest, as well as any parent, subsidiary, or affiliated entities in existence during the period of time Defendant provided services of a miniature golf facility as defined below; (ii) any other person or entity acting on Defendant's behalf or upon whose behalf Defendant has acted; (iii) any other person or entity otherwise subject to your control, or to whose control you are subject – in whole or in part.

2. "Plaintiff" refers to Roberts Enterprises, LP, d/b/a Mayday Golf.

3. "Plaintiff's Licensees" includes BMS Golf, LLC d/b/a Lost Treasure Golf having a facility located in Ocean City, Maryland; Golf-Five, LLC d/b/a Lost Treasure Golf having a facility located in Branson, Missouri; Holiday Golf, Inc. d/b/a Hawaiian Falls having a facility located in Daytona Beach, Florida; and SBF Golf, LLC d/b/a Lost Treasure Golf having a facility located in Pigeon Forge, Tennessee.

4. "Defendant's Miniature Golf Facility," "Fire Mountain Golf," and "Fire Mountain Miniature Golf Course" refer to Defendant's miniature golf course located at Highway One at Midway, Rehoboth Beach, Delaware 19971.

5. "Plaintiff's Service Mark" and "Service Mark at Issue" shall mean United States Service Mark Registration No. 2,623,494.

1

6.     "USPTO" means United States Patent and Trademark Office.

7.     "Communication(s)" means transfer of information, including but not limited to, all written, verbal, or electronic communications, including without limitation, correspondence and memoranda, face-to-face conversations, facsimiles, telephone conversations, notes of conversations, and electronic communications, such as electronic mail.

8.     "Document(s)" is given the broadest scope and meaning permitted under the Federal Rules of Civil Procedure. The term includes information that is fixed in any tangible medium whatsoever, and includes – by way of illustration only and not by way of limitation – the following: e-mail or other computer or electronic information; notes; correspondence; communications of any kind; telegrams; memoranda; notebooks; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photograph; minutes or records of meetings; transcripts of oral testimony or statements; reports and summaries of interviews; reports or summaries of investigations; agreements and contracts, including all modification or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions to, or translations of any document; tape recordings; records; and dictation tapes.

9.     "Defendant's Airplane" means the twin engine airplane located at Defendant's miniature golf facility defined above.

## TOPICS

1.  Defendant's net and gross profits associated with its miniature golf facility since it began offering miniature golf course services.

2.  Defendant's cost associated with its miniature golf facility since it began offering miniature golf course services.

3.  Defendant's revenue associated with its miniature golf facility since it began offering miniature golf course services.

4.  Defendant's cost associated with its airplane at its miniature golf course.

5.  Defendant's accountings of its miniature golf course and miniature golf course services since it began offering miniature golf course services.

## DOCUMENT REQUESTS

1.  Documents sufficient to identify topic no. 1 on an annual basis.

2.  Documents sufficient to identify topic no. 2 on an annual basis.

3.  Documents sufficient to identify topic no. 3 on an annual basis.

4.  Documents sufficient to identify topic no. 4 on an annual basis.

5.  Documents related to accounting of Defendant's miniature golf course since Defendant began offering miniature golf course services.

6.  Defendant's state and federal tax filings from when it began offering miniature golf course services to the present.

**SCHEDULE B**
**30(b)(6) RE: FUN SPORT'S ADVERTISING AND MINIATURE GOLF COURSE SERVICES**

**DEFINITIONS**

1.      "Defendant," "you," and "your" all refer to Defendant FUN SPORT, INC. d/b/a MIDWAY SPEEDWAY, d/b/a FIRE MOUNTAIN GOLF, and d/b/a FIRE MOUNTAIN RESCUE MINI-GOLF, including all its directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest, as well as any parent, subsidiary, or affiliated entities in existence during the period of time Defendant provided services of a miniature golf facility as defined below; (ii) any other person or entity acting on Defendant's behalf or upon whose behalf Defendant has acted; (iii) any other person or entity otherwise subject to your control, or to whose control you are subject – in whole or in part.

2.      "Plaintiff" refers to Roberts Enterprises, LP, d/b/a Mayday Golf.

3.      "Plaintiff's Licensees" includes BMS Golf, LLC d/b/a Lost Treasure Golf having a facility located in Ocean City, Maryland; Golf-Five, LLC d/b/a Lost Treasure Golf having a facility located in Branson, Missouri; Holiday Golf, Inc. d/b/a Hawaiian Falls having a facility located in Daytona Beach, Florida; and SBF Golf, LLC d/b/a Lost Treasure Golf having a facility located in Pigeon Forge, Tennessee.

4.      "Defendant's Miniature Golf Facility," "Fire Mountain Golf," and "Fire Mountain Miniature Golf Course" refer to Defendant's miniature golf course located at Highway One at Midway, Rehoboth Beach, Delaware 19971.

5.      "Plaintiff's Service Mark" and "Service Mark at Issue" shall mean United States Service Mark Registration No. 2,623,494.

6.  "USPTO" means United States Patent and Trademark Office.

7.  "Communication(s)" means transfer of information, including but not limited to, all written, verbal, or electronic communications, including without limitation, correspondence and memoranda, face-to-face conversations, facsimiles, telephone conversations, notes of conversations, and electronic communications, such as electronic mail.

8.  "Document(s)" is given the broadest scope and meaning permitted under the Federal Rules of Civil Procedure. The term includes information that is fixed in any tangible medium whatsoever, and includes – by way of illustration only and not by way of limitation – the following: e-mail or other computer or electronic information; notes; correspondence; communications of any kind; telegrams; memoranda; notebooks; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photograph; minutes or records of meetings; transcripts of oral testimony or statements; reports and summaries of interviews; reports or summaries of investigations; agreements and contracts, including all modification or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions to, or translations of any document; tape recordings; records; and dictation tapes.

9.  "Advertising and Promotions" includes both paid-for and free advertising and/or promotions.

10. "Defendant's Airplane" means the twin engine airplane located at Defendant's miniature golf facility defined above.

## TOPICS

1. Defendant's advertising and promotion of its miniature golf facility.

2. The cost associated with the advertising and promotion of its miniature golf facility.

3. Advertising or promotion on any websites including those provided in its Response to Interrogatory No. 11.

4. Communications including emails to and from Defendant relating to Defendant's miniature golf facility.

5. Installation of the Airplane at Defendant's miniature golf facility.

6. Design of Defendant's miniature golf facility.

7. Defendant's decision to incorporate an airplane into the design of Defendant's miniature golf facility.

8. Defendant's knowledge of Plaintiff's miniature golf facility d/b/a MayDay Golf located in Myrtle Beach, South Carolina including the presence and use of an airplane by that miniature golf facility.

9. Defendant's knowledge of Plaintiff's licensee's miniature golf facility d/b/a Lost Treasure Golf located in Ocean City, Maryland including the presence and use of an airplane by that miniature golf facility.

10. Defendant's knowledge of Plaintiff's licensee's miniature golf facility d/b/a Lost Treasure Golf located in Pigeon Forge, Tennessee including the presence and use of an airplane by that miniature golf facility.

11. Defendant's knowledge of Plaintiff's licensee's miniature golf facility d/b/a Hawaiian Falls located in Daytona Beach, Florida including the presence and use of an airplane by that miniature golf facility.

12. Defendant's knowledge of Plaintiff's licensee's miniature golf facility d/b/a Lost Treasure Golf located in Branson, Missouri including the presence and use of an airplane by that miniature golf facility.

13. Defendant's knowledge and awareness of Plaintiff's service mark.

14. Defendant's evidence that Plaintiff was not the first miniature golf course owner or operator to incorporate an airplane or airplanes into the motif and them of a miniature golf course.

15. Defendant's evidence that Plaintiff's service mark is invalid.

16. Defendant's evidence that Defendant is not infringing Plaintiff's service mark.

17. Defendant's actual and prospective customer base including the residences and locations of those customers throughout the United States.

18. The number of customers and rounds played at Defendant's miniature golf facility per year since Defendant began offering miniature golf course services.

## DOCUMENT REQUESTS

1. All communications and agreements with any advertisers for Fire Mountain Golf or Midway Speedway.

2. All communications including emails to and from Defendant regarding Defendant's miniature golf facility.

3. All photographs, drawings, or sketches of any of Plaintiff and Plaintiff's licensees miniature golf courses.

4. All evidence that Plaintiff was not the first miniature golf course owner or operator to incorporate an airplane or airplanes into the motif and them of a miniature golf course.

5. All documents evidencing the locations and residences of Defendant's actual and prospective customers.

6. All documents identifying the number of rounds of golf paid for and/or played at Defendant's miniature golf facility since Defendant began offering miniature golf course services.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Rex A. Donnelly, hereby certify that on July 13, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney (s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 13, 2007, I have Electronically Mailed the documents to the following person (s):

William R. Denny
Potter Anderson & Connolly LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
wdenny@potteranderson.com

/s/ Rex A. Donnelly
Rex A. Donnelly, IV (#3492)
1007 Orange Street, Suite 1100
P.O. Box 1596
Wilmington, DE 19899-1596
(302) 778-2500 (Telephone)
radonnelly@ratnerprestia.com